| | | |
|---|---|---|
| IVETTE T. ECHENIQUE, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00025-TRM-CHS |
| | ) | |
| JJ's FAMILY MART, *et. al.*, | ) | |
| *Defendants*. | ) | |

## REPORT AND RECOMMENDATION

### I.      Introduction

Ivette Echenique, *pro se*, is proceeding *in forma pauperis* [Doc. 4]. This Court is responsible for screening all actions filed by plaintiffs seeking *in forma pauperis* status and for dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

### II.      Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court must screen all actions filed by plaintiffs proceeding *in forma pauperis* and dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). This obligation remains even where some or all of the filing fee has been paid by or assessed against the plaintiff. 28 U.S.C.

1

§ 1915(e)(2); *see also In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) ("All prisoners while incarcerated must now pay the required filing fees and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Generally, the standard to state a claim under 28 U.S.C. § 1915(e)(2) is the same as that required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether the plaintiff has stated a claim upon which relief may be granted, the Court accepts all well-pleaded factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Additionally, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Federal courts are courts of limited jurisdiction with authority to address matters sanctioned only by federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." *Id*. (citations omitted).

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for

'[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The Court will address both bases of subject matter jurisdiction *seriatim*.

To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a), s*ee also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). Under § 1332, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

### III.    Factual Allegations

Plaintiff filed this action on December 11, 2024, in this Court [Doc 1 at 2]. Plaintiff's claims arise from an incident at JJ's Family Mart, where she alleges she was sold "$60 of bad gas" for her Nissan Armada, which resulted in her engine failing and "discrimination by the police" [Doc. 1 at 6].

In her complaint, Plaintiff invokes this Court's jurisdiction by claiming that her claims involve both federal question and diversity of citizenship. Plaintiff states that the basis for federal question jurisdiction is "damages and personal injuries and pain and suffering over 75,000," "selling of bad gas resulting in loss of vehicle," "discrimination of an old, handicapped, Hispanic woman," "defamation and libel," "abuse of power, harassment, stalking, retaliation, perjury, false arrest," "no Miranda read," and "police brutality." She also makes claims of "negligent driving," "drugs, abuse, theft at jail," and "kept from 2 cats."

Plaintiff uses the "Diversity of Citizenship" section of the complaint to list the names of all Defendants [Doc. 1 at 2-6]. Under the amount in controversy, she claims that various corporations damaged her vehicle [Doc 1 at 6]. She then claims that the case involves discrimination, fraud,

defamation, libel, impoundment, false arrest, and police brutality. In a separate filing, Plaintiff states that the total damages equal $560,000,018.00 [Doc. 11].

## IV.    Analysis

Construed in her favor, Plaintiff's allegations do not state a claim for relief for which this Court has subject-matter jurisdiction under § 1331 or § 1332. First, applying § 1331, Plaintiff does not state a claim under federal law or the United States Constitution. Plaintiff's primary claim derives from the allegation that JJ's Family Mart provided her with "bad gas" resulting in the breakdown of her vehicle. However, Plaintiff does not plead this claim under federal law, nor would a claim of this nature fall under federal law.

Plaintiff does make allegations that bear a vague resemblance to a § 1983 claim. Plaintiff alleges that there were instances of police brutality—including in her pleading assertions of "discrimination," "false arrest," "no Miranda," and "arrested for calling 911." Even construing these statements with the liberality required for *pro se* complaints, Plaintiff's complaint is still inadequate under the pleading standards. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Making claims of "false arrest," "police brutality," and "discrimination" are "conclusory and devoid of specific factual matter in support." *Smith v. Google*, LLC, No. 21-2808, 2022 WL 3221936, at *2 (6th Cir. Feb. 15, 2022). Plaintiff does not explain how she was discriminated against by the police, nor in what ways she experienced police brutality. These statements are not sufficient to establish a § 1983 claim.

Plaintiff also makes claims against the U.S. Government. These claims consist of "intrusion and abuse," "homelessness," "stalking," and "retaliation." Again, these statements are conclusory and do not meet the pleading standards. Thus, there is no subject matter jurisdiction under § 1331.

Next, Plaintiff uses the "Diversity of Citizenship" section of the complaint to list the Defendants, all of whom are based in Tennessee—other than the "U.S.A. GOVT," which Plaintiff claims is based in Washington, D.C. Because diversity of citizenship requires complete diversity, *to wit*, that Plaintiff is a citizen of a different state from all of the Defendants, Plaintiff's claims in the present case do not satisfy the complete diversity requirement. Thus, there is no subject matter jurisdiction under § 1332.

## V.      Conclusion

For the reasons stated herein, this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. It is, therefore, **RECOMMENDED**[1] that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction and that Plaintiff's motion to proceed in forma pauperis be **DENIED AS MOOT**.

        **ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).